UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAMMY B.,[1]

                              Plaintiff,           **DECISION AND ORDER**

v.                                                  1:22-cv-798-JJM

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) to review the final determination of the Commissioner of Social Security that she was not disabled. Before the court are the parties' cross-motions for judgment on the pleadings [7, 8].[2] The parties have consented to my jurisdiction [11]. Having reviewed their submissions [7, 8, 9], the Commissioner's motion is granted, and plaintiff's motion is denied.

## BACKGROUND

The parties' familiarity with the 867-page administrative record [4] is presumed. On February 24, 2020, plaintiff filed an application for disability insurance benefits, alleging hepatic encephalopathy, cirrhosis, and high blood pressure. Administrative Record [4] at 30, 86. Plaintiff's claim was initially denied on October 14, 2020, and upon reconsideration on February 18, 2021. Id. at 30. Plaintiff requested a hearing. Id.

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]     Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination.

A.    **The Hearing and Testimonial Evidence**

On August 24, 2021, Administrative Law Judge ("ALJ") John G. Farrell conducted a telephone hearing. [4] at 45-84. Plaintiff was represented by an attorney. Id. at 45. At the hearing, plaintiff supplemented her claim by alleging a back injury, which resulted from a fall off a swing in the summer of 2020. Id. at 55, 64. Plaintiff testified that she had previously been employed as a secretary at a school and, later, a laundry cleaner. Id. at 58-60. She testified that she retired early from that position because the pushing, pulling, and lifting were incompatible with her liver problems and pain. Id. at 59. Her primary complaint was pain and stiffness in her back, which made it difficult to sit or stand for prolonged periods. Id. at 64-69. She denied having any problems with focus, concentration, or memory. Id. at 77.

A vocational expert testified that that plaintiff's past work was categorized as School Secretary (Dictionary of Occupational Titles ("DOT") 201.362-022) and Housekeeping, Laundry Aide (DOT 323.687-010), which were both performed at the light exertion level. Id. at 80. He testified that a person of plaintiff's age, education, and experience who was limited to sedentary work, could frequently climb ramps and stairs, with all other posturals limited to occasional, would be unable to perform claimant's past work. Id. at 80-81. However, he testified that such a person could perform other jobs in the economy such as Information Clerk (DOT 237.367-046), for which there were 3,508 positions in the national economy; Document Preparer (DOT 249.587-018), for which there were 17,212 positions; and Ticket Counter (DOT 219.587-010), for which there were 5,312 positions. Id. at 81.

ALJ Farrell held open the record for the submission of vocational expert interrogatories. Id. at 30. On September 16, 2021, ALJ Farrell submitted interrogatories to the vocational examiner, and the vocational expert submitted a response the following day. Id. at

319-29. In relevant part, the vocational expert's response clarified that, in his opinion, plaintiff's past work as school secretary could also be performed as it is described in the DOT (*i.e.*, at the sedentary exertional level). Id. at 327. The vocational expert further indicated that plaintiff acquired skills through her employment as a school secretary that were transferable to the alternative jobs in the national economy he previously provided. Id. at 329.

B.   The ALJ's Decision

On November 12, 2021, ALJ Farrell issued a Notice of Decision denying plaintiff's claim. Id. at 30-39. He found that plaintiff had severe impairments of chronic liver disease, cirrhosis, and lumbar disc fracture. Id. at 33. However, ALJ Farrell found that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, "except that she can frequently climb ramps and stairs, and occasionally perform all other posturals". Id. at 34.

ALJ Farrell found that plaintiff was capable of performing past relevant work as a School Secretary (DOT 201.362-022), based on the vocational expert's testimonial evidence. Id. at 37-38. While ALJ Farrell classified this work at the light exertional level "as performed", he compared the RFC with the physical and mental demands of the job "as it is generally performed", and found that plaintiff would be able to perform it. Id.

In addition, ALJ Farrell found that plaintiff could perform other jobs that exist in significant numbers in the national economy, specifically as a Document Preparer (DOT 249.587-018) and a Ticket Counter (DOT 219.587-010). Id. at 38. While plaintiff was defined as an individual of advanced age, ALJ Farrell found that she had acquired work skills from past relevant work that are transferable to these occupations. Id. at 38-39. Accordingly, he found that plaintiff was not disabled. Id. at 39.

C.    **Relevant Record Evidence**

In reaching his determination, ALJ Farrell reviewed plaintiff's testimony, treatment records, and a number of medical opinions. Id. at 34-37. He noted that, in plaintiff's treatment records, she consistently denied having relevant complaints, including with respect to concentration, confusion, or mental health. Id. at 35, 716.

On October 8, 2020, Janine Ippolito, Psy.D. conducted an adult psychiatric evaluation of plaintiff. Id. at 798. Plaintiff denied receiving any mental health treatment. Id. She denied having any symptoms of depression, anxiety, trauma, panic attacks, mania, thought disorder, or cognitive issues. Id. She reported having issues with falling asleep and staying asleep. Id. She presented as cooperative, with adequate social skills, appropriate appearance, speech, thought process, and effect. Id. at 799.

Dr. Ippolito assessed plaintiff as "mildly impaired" with respect to attention and concentration due to "difficulty with math skills". Id. She also assessed her as mildly impaired in her memory skills due to some "distractibility". Id. She opined that plaintiff was able to understand, remember, or apply simple and complex directions and instructions; to use reason and judgment; to interact adequately with others; to sustain an ordinary routine; and to regulate emotions and behavior. Id. at 800. She further opined that plaintiff could sustain concentration and perform tasks at a consistent pace and take appropriate precautions "with mild limitations". Id. Dr. Ippolito surmised that such issues were consistent with substance abuse problems, but that such problems did not "appear to be significant enough to interfere with the claimant's ability to function on a daily basis". Id. ALJ Farrell found Dr. Ippolito's opinion to be persuasive, as it was supported by clinical observation and testing and consistent with the record. Id. at 36.

On October 14, 2020, state agency reviewing psychologist J. May, Ph.D. opined that plaintiff did not have a medically determinable mental impairment. Id. at 93. State agency reviewing psychologist A. Chapman, Psy.D., reiterated this opinion on February 16, 2021. Id. at 109. ALJ Farrell found these opinions persuasive, particularly in that they corroborated plaintiff's lack of a mental health impairment. Id. at 37.

On July 19, 2021, Andrew Talal, M.D. completed a Physical Treating Medical Source Statement, that indicated that plaintiff's cirrhosis caused "confusion" and occasional to frequent interference with attention and concentration due to pain and other symptoms. Id. at 836-37. ALJ Farrell found Dr. Talal's opinion unpersuasive, stating that Dr. Talal did not state the basis for or quantify such limitations, and that such findings were inconsistent with the other evidence of record including the lack of any such complaints to providers. Id. at 36.

## ANALYSIS

Plaintiff argues that ALJ Farrell's decision was unsupported by substantial evidence because: (1) it failed to account for the mild limitations in mental functioning assessed by Dr. Ippolito at step four; and (2) the representative jobs relied upon in step five are obsolete or do not exist in significant numbers in the national economy. Plaintiff's Memorandum of Law [7-1] at 1, 7-12.

### A.   Standard of Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate

to support a conclusion". Consolidated Edison Co. of New York, Inc. v. NLRB, 305 U.S. 197, 229 (1938); *see also* Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Colgan v. Kijakazi, 22 F.4th 353, 359 (2d Cir. 2022) ("[a]lthough . . . the evidentiary threshold for the substantial evidence standard 'is not high,' . . . the substantial evidence standard is also not merely hortatory: It requires relevant evidence which would lead a 'reasonable mind' to concur in the ALJ's factual determinations").

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. *See* Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

**B.      Mild mental limitations and the RFC**

Plaintiff argues that ALJ Farrell erred by failing to account for the mild limitations in concentration, performing a task at a consistent pace, and taking appropriate precautions assessed by consultative examiner Dr. Ippolito into his RFC determination. [7-1] at 7-10. I disagree.

On appeal, "[t]he relevant inquiry is whether the ALJ applied the correct legal standards and whether [her] determination is supported by substantial evidence". Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). It is well-established that the ALJ, not any medical source, is responsible for formulating a claimant's RFC. *See* 20 C.F.R. §§404.1546(c), 404.1527(d)(2) and §§416.946(c), 416.927(d)(2); *see* Curry v. Commissioner of Social Security, 855 F. App'x 46, 48 (2d Cir. 2021) (Summary Order). As such, the RFC need "not perfectly correspond with any of the opinions of medical sources cited in his decision", and the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with

the record as a whole". Matta v. Astrue, 508 F. App'x. 53, 56 (2d Cir. 2013) (Summary Order); see Schillo v. Kijakazi, 31 F.4th 64, 78 (2d Cir. 2022). Furthermore, "[a]n ALJ need not recite every piece of evidence that contributed to the decision, so long as the record permits us to glean the rationale of an ALJ's decision." Cichocki, 729 F.3d at 178 n. 3. Ultimately, "[t]he question is . . . whether the ALJ's conclusion was 'supported by the record as a whole.'" Nieves v. Commissioner of Social Security, 2019 WL 4565112, *4 (S.D.N.Y. 2019) (quoting Tricarico v. Colvin, 681 F. App'x 98, 101 (2d Cir. 2017) (Summary Order)).

Plaintiff is correct that, generally, "when an ALJ adopts only portions of a medical opinion, he or she must explain why the remaining portions were rejected". Julianne E. v. Commissioner of Social Security, 2023 WL 3316580, *2 (W.D.N.Y. 2023). But that is not what happened here. Rather, ALJ Farrell credited Dr. Ippolito's opinion in full, finding it to be consistent with the record and supported by clinical observations that demonstrated that plaintiff had "at most, mild mental health limitations". [4] at 36.

Despite plaintiff's arguments to the contrary, the existence of mild mental health limitations does not necessarily require the imposition of any restrictions into the RFC. See Lynette W. v. Commissioner of Social Security, 2021 WL 868625, *4 (W.D.N.Y. 2021) ("mild limitations do not necessarily require the addition of mental limitations in the RFC"); Katherine R. v. Commissioner of Social Security, 2021 WL 5596416, *7 (W.D.N.Y. 2021) ("[w]here . . . an ALJ's findings of only mild limitations in mental functioning are supported by substantial evidence in the record, the ALJ is not required to include mental limitations or restrictions in the RFC").

On the contrary, "[t]he RFC assessment considers only functional limitations". Social Security Ruling ("SSR") 96-8P, 1996 WL 374184, *1. Here, Dr. Ippolito expressly found

that plaintiff's problems, which derived from previous substance abuse, were not "significant enough to interfere with the claimant's ability to function on a daily basis". [4] at 800. Accordingly, the state agency psychological consultants who reviewed Dr. Ippolito's report opined that plaintiff did not have a medically determinable mental impairment. Id. at 93, 109. ALJ Farrell found the consultants' opinions persuasive, particularly to the extent they corroborated plaintiff's lack of a mental health impairment. Id. at 37. Indeed, as ALJ Farrell noted, plaintiff repeatedly denied experiencing any mental health symptomology, both in her hearing testimony and to Dr. Ippolito, and there is no evidence she ever sought or received any treatment for such issues.

While Social Security proceedings are non-adversarial, plaintiff bears the burden of proof at both steps two (establishing a severe impairment) and four (RFC to perform past work). See Talavera, 697 F.3d at 151; see also Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987) ("[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so"). Here, plaintiff did not claim any mental health conditions, did not seek or receive any mental health treatment, and repeatedly denied the existence of any mental health symptoms. While Dr. Ippolito's opinion supports the existence of some notional concerns regarding plaintiff's mental health, she did not consider them to have any functional effect. Thus, the ALJ's decision not to incorporate any mental health limitations into his RFC determination was supported by substantial evidence. See Marie C. S. v. Commissioner of Social Security, 2024 WL 936215, *3 (W.D.N.Y. 2024) ("it is clear that ALJ Black-Pennington considered Dr. Santarpia's opinion as a whole and concluded that there were, effectively, no functional mental limitations. This is consistent with a record in which plaintiff herself repeatedly denied having any mental limitations that affected her ability to work");

Antoinette C. v. Commissioner of Social Security, 2022 WL 765268, *5 (W.D.N.Y. 2022) (where an mild limitations were "not significant enough to interfere with her ability to function on a daily basis," the ALJ's finding that the claimant's conditions were non-severe was substantially supported and the conditions "require[d] no limitations in the RFC").

Since I find ALJ Farrell's decision at step four that plaintiff retained the ability to perform past relevant work to be supported by substantial evidence, plaintiff's appeal must be denied. See, e.g., Charles W. v. Kijakazi, 2022 WL 2207182, *8 (W.D.N.Y. 2022) (as "[p]laintiff has not met his step four burden to show he was unable to perform his past work as actually and as generally performed. . . , the ALJ's determination that Plaintiff was not under a disability during the relevant period was a proper application of the law and is supported by substantial evidence"). Therefore, I need not address plaintiff's arguments regarding ALJ Farrell's findings at step five, which was offered as an alternative basis for his decision. See [4] at 38-39.

## CONCLUSION

For these reasons, the Commissioner's motion for judgment on the pleadings [8] is granted, and plaintiff's motion [7] is denied.

**SO ORDERED**.

Dated: September 23, 2025

/s/ Jeremiah J. McCarthy
JEREMIAH J. McCARTHY
United States Magistrate Judge